BRIAN MILLSAP V. SHOW TRUCKS USA, INC.



NO. 07-04-0378-CR





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



OCTOBER 22, 2004


______________________________



SHAVONN A. PRICE,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 98-428701; HON. BRADLEY S. UNDERWOOD, PRESIDING


_______________________________



ABATEMENT AND REMAND


__________________________________



Before QUINN, REAVIS and CAMPBELL, JJ.

 Shavonn A. Price(appellant) appeals her adjudication of guilt for aggravated assault. 
The clerk's and reporter's records were filed on September 1, 2004. Thus, appellant's brief
was due on October 1, 2004. That date passed without appellant filing a brief, however. 
So, on October 11, 2004, this Court notified appellant that neither the brief nor an
extension of time to file it had been received by the court. Appellant was also admonished
that if he did not respond to the court's letter by October 21, 2004, the appeal would be
abated to the trial court. October 21st also passed without appellant filing a brief, moving
for an extension, or responding in any way to our October 11th letter.

 Consequently, we abate this appeal and remand the cause to the 364th District
Court of Lubbock County (trial court) for further proceedings. Upon remand, the trial court
shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing
to determine the following:

 1. whether appellant desires to prosecute the appeal;

 

 2. whether appellant is indigent and entitled to appointed counsel; and,


 3. whether appellant has been denied the effective assistance of
counsel due to appellate counsel's failure to timely file an appellate
brief. See Evitts v. Lucey, 469 U.S. 387, 394, 105 S.Ct. 830, 834-35,
83 L.Ed.2d 821, 828 (1985) (holding that an indigent defendant is
entitled to the effective assistance of counsel on the first appeal as of
right and that counsel must be available to assist in preparing and
submitting an appellate brief). 

 We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue this appeal, is indigent, has appointed counsel, and has been denied effective
assistance of counsel, or has no counsel, then we further direct it to appoint new counsel
to assist in the prosecution of the appeal. The name, address, phone number, telefax
number, and state bar number of the new counsel, if any, who will represent appellant on
appeal must also be included in the court's findings of fact and conclusions of law. 
Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk's
record containing the findings of fact and conclusions of law and 2) a reporter's record
transcribing the evidence and argument presented at the aforementioned hearing. 
Additionally, the trial court shall cause the supplemental clerk's record to be filed with the
clerk of this court on or before November 22, 2004. Should additional time be needed to
perform these tasks, the trial court may request same on or before November 22, 2004.

 It is so ordered.

 Per Curiam

Do not publish.



. 

 In 1997, appellant was granted deferred adjudication for possession of a controlled
substance and placed on community supervision for two years. In 2001, upon the State's
motion to proceed, she was adjudicated guilty of possession, and was sentenced to two
years confinement, suspended for five years. On March 19, 2003, the State filed a motion
to revoke community supervision alleging numerous violations of the conditions thereof. 

 At a hearing on the State's motion, appellant plead not true to the allegations and
evidence was presented. A community supervision officer conducting a "courtesy
supervision" for persons outside the county testified that appellant signed a document in lieu
of having a urinalysis admitting she used crack cocaine on January 27, 2003, and appellant
testified at the revocation hearing that she used cocaine on January 27, 2003. Evidence
was also presented that appellant failed to report by mail for the months of July, November,
and December 2002. The trial court found that appellant had violated conditions 5 and 12
and imposed the original sentence of two years confinement in a state jail facility. 

 Appellant's admission to using cocaine while on community supervision supports the
trial court's revocation order. Moore, 605 S.W.2d at 926. Thus, the trial court did not abuse
its discretion in revoking appellant's community supervision. Points of error one and two
are overruled.

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice


Do not publish.